B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Rong Zhang, Xiaodan Wang and Chong Shen Raphanella | **DEFENDANTS**<br>Ho Wan Kwok a/k/a Wengui Guo a/k/a Miles Guo a/k/a Miles Kwok a/k/a Nan Wu a/k/a Haoyun Guo |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>(203) 777-5501; Thomas J. Sansone, Carmody Torrance Sandak & Hennessey LLP, P.O. Box 1950, New Haven, CT 06509-1950 | **ATTORNEYS** (If Known)<br>Brown Rudnick LLP, Seven Times Square, New York NY 10036 and Zeisler & Zeisler PC, 10 Middle Street, Bridgeport, CT 06604 |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Plaintiffs seek a declaration that the debt owed by the debtor is non-dischargeable because it resulted from the debtor's false pretenses, false representations and/or actual fraud, regarding the sale of securities to the plaintiffs.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☒ Check if this case involves a substantive issue of state law
☐ Check if a jury trial is demanded in complaint

☒ Check if this is asserted to be a class action under FRCP 23
Demand $ 114,000,000.00

Other Relief Sought
Declaratory judgment, finding debtor's debt to plaintiffs and class members are non-dischareable

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>HO WAN KWOK | BANKRUPTCY CASE NO.<br>22-50073 | |
| DISTRICT IN WHICH CASE IS PENDING<br>CONNECTICUT | DIVISION OFFICE<br>BRIDGEPORT | NAME OF JUDGE<br>JULIE A. MANNING |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Thomas J. Sansone | | |
| DATE<br><br>07/20/2022 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Thomas J. Sansone | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In Re:<br><br>HO WAN KWOK,<br><br>                  Debtor. | Chapter 11 Case No.<br><br>Case No. 22-50073 (JAM) |
| RONG ZHANG, XIAODAN WANG, and CHONG SHEN RAPHANELLA,<br><br>                  Plaintiffs,<br>v.<br><br>HO WAN KWOK, a/k/a Wengui Guo, a/k/a Miles Guo, a/k/a/ Miles Kwok, a/k/a Nan Wu, a/k/a Haoyun Guo,<br><br>                  Defendant. | Adv. Proc. No. _____<br><br>July 20, 2022 |

## CLASS ACTION COMPLAINT

Pursuant to Section 523 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rong Zhang, Xiaodan Wang, and Chong Shen Raphanella ("Plaintiffs"), individually and on behalf of all other persons similarly situated, file this complaint seeking a determination that certain debts due and owing to Plaintiffs and members of the putative Class (defined below) are non-dischargeable (this "Complaint"), and allege as follows:

## THE PARTIES:

1. Plaintiff Rong Zhang is a resident of the State of California.

2. Plaintiff Xiaodan Wang is a resident of Canada.

3. Plaintiff Chong Shen Raphanella is a resident of the State of Maryland.

4081499.4

4. Ho Wan Kwok, a/k/a Wengui Guo, a/k/a Miles Guo, a/k/a Miles Kwok, a/k/a Nan Wu a/k/a Haoyun Guo (the "Debtor") is a debtor pursuant to section 101(13) of the Bankruptcy Code. On February 15, 2022 (the "Petition Date"), the Debtor filed a voluntary bankruptcy petition in the United States Bankruptcy Court for the District of Connecticut (this "Court") under Chapter 11 of the Bankruptcy Code. The Debtor is an individual who alleges that he is a resident of the State of Connecticut, having an address of 373 Taconic Road, Greenwich, Connecticut 06831.

5. As of the Petition Date, the Debtor owed the Plaintiffs and the members of the Class in excess of $114 million in compensatory damages from the fraudulent scheme described herein, exclusive of costs and interest.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§157 and 1334.

7. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

8. Venue of this action is proper in this district pursuant to 28 U.S.C. §1409(a).

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

9. On June 21, 2021, Plaintiffs commenced a class action (the "Class Action") entitled *Rang Zhang, et al. v. Voice of Guo Media Inc, et al.*, No. CV-21-01079-PHX-SMB, in the United States District Court for the District of Arizona (the "Class Action Court") against the Debtor, GTV Media Group Inc. ("GTV"), Saraca Media Group Inc. ("Saraca") (GTV and Saraca are collectively referred to as the "Media Entities"), Sara Wei ("Wei"), Voice of Guo Media Inc. ("VOG"), and the Rule of Law Foundation III Inc. and the Rule of Law Society IV Inc. (the "ROL Entities"). The Class Action alleged, among other things, that the Debtor and his co-

defendants engaged in a scheme to defraud investors, including Plaintiffs, through the sale of unregistered securities of GTV (the "Stock Offering").

10.  Plaintiffs filed an amended class action complaint (the "FAC") on November 5, 2021. The FAC asserted the following claims against the Debtor: violation of ARS §44-1991 (Fraud in the Purchase or Sale of Securities); violation of ARS §44-1998 (Offers and sales; Liability), common law fraud, breach of fiduciary duty, civil conspiracy, negligent misrepresentation, and unjust enrichment. The FAC is attached hereto as **Exhibit 1** and incorporated by reference herein.

11.  On December 17, 2021, the Debtor (along with the Media Entities) moved to dismiss the claims in the FAC for breach of fiduciary duty and negligent misrepresentation. Such motion did not seek to dismiss the statutory and common law fraud, civil conspiracy, and unjust enrichment claims.  The ROL Entities separately moved to dismiss the claims asserted against them on both substantive and jurisdictional grounds.

12.  On February 15, 2022, after the motions were *sub judice*, the Debtor commenced a bankruptcy case under Chapter 11 of the Bankruptcy Code, thus triggering an automatic stay for himself in the Class Action.

13.  On June 2, 2022, the Clerk of the Class Action Court entered a default against defendants Wei and VOG.

14.  On July 6, 2022, the Class Action Court granted in part and denied in part the motions to dismiss the FAC.  In the July 6, 2022 Order (the "Order"), a copy of which is attached hereto as **Exhibit 2** and incorporated by reference herein, the Class Action Court denied the motion by the Debtor and the Media Entities to dismiss the breach of fiduciary duty claim, but granted that portion of the negligent misrepresentation claim to the extent that it sought recovery

3

regarding statements about future actions. Nevertheless, due to the automatic stay, the Order only decided the motion to dismiss as made by the Media Entities and did not make any determinations as to the Debtor.

15. The Order also granted the motion of the ROL Entities to dismiss, solely on jurisdictional grounds.

## CLASS ACTION ALLEGATIONS

16. Plaintiffs bring this action on behalf of themselves and as a class action, pursuant to Rule 23(a), (b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, as incorporated by Rule 7023 of the Federal Rules of Bankruptcy, on behalf of all persons who made payments to VOG to purchase GTV securities and never received such securities or a refund of the money paid, and were damaged thereby (the "Class").

17. Excluded from the Class are the Debtor, Wei, and their families, heirs, and assigns, Saraca, GTV, VOG, and their directors, officers, legal representatives, employees, agents, successors, subsidiaries, assigns and affiliates. Plaintiffs reserve the right to revise the Class definition based on information subsequently obtained.

18. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 4500 members of the Class, many of whom reside in the United States. Class member may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings and/or published notice.

19. The Plaintiffs' claims described above and asserted in the FAC are typical of the claims of the Class. The Plaintiffs and Class members all sustained damages arising out of the Debtor's same course of conduct in a substantially identical manner.

20. There is a well-defined community of interest in the questions of law and fact. Questions of law and fact common to the members of the Class, which predominate over questions that may affect individual Class members, include, *inter alia*:

    a. Whether the Debtor offered and sold unregistered securities in violation of the Arizona Revised Statutes;

    b. Whether the Debtor, by his involvement and participation in a scheme to offer and sell unregistered securities, employed a device, scheme or artifice to defraud the Plaintiffs and Class members, or engaged in transactions, practice or course of business, which operated as fraud;

    c. Whether the Debtor breached his fiduciary duties to Plaintiff and the Class;

    d. Whether the Debtor, by his involvement and participation in a scheme to offer and sell unregistered securities, conspired to defraud and/or breach his fiduciary duties to Plaintiffs and the Class;

    e. Whether the Debtor was unjustly enriched by his conduct;

    f. Whether the Debtor failed to exercise reasonable care or competence in connection with the offer and sale of unregistered securities and negligently misrepresented facts regarding the Stock Offering to Plaintiffs and the Class;

    g. Whether the members of the Class have sustained damages as a result of the Debtor's conduct; and

    h. Whether the Plaintiffs and the Class are entitled to a declaration that the claims described above and asserted in the FAC are non-dischargeable.

21. Plaintiffs will adequately protect the interests of the Class and have retained counsel experienced in class action litigation. Plaintiffs have no interests that conflict with those of the other members of the Class.

22. Class action status is also warranted under Rule 23(b)(2) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7023 because the Debtor acted or refused to act on grounds that apply generally to the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.

23. Class action status is also warranted under Rule 23(b)(3) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7023 because questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

## COUNT I: DECLARATORY JUDGMENT

**Nondischargeability, Pursuant to 11 U.S.C. §523(a)(2)(A)**

24. Plaintiff repeats and realleges each paragraph above as if fully set forth herein.

25. The claims described above and asserted in the FAC against the Debtor, which is incorporated herein by reference, for violations of ARS §§44-1991 and 44-1998, common law fraud, breach of fiduciary duty, civil conspiracy, negligent misrepresentation and unjust enrichment are not dischargeable because they arise from "money…obtained by – … false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

26. As alleged in the FAC, the claims against the Debtor derive from money provided by investors, including the Plaintiffs and the members of the Class, based on false

representations the Debtor made to such investors with the intent to deceive, the Plaintiffs' and the members of the Class's justifiable reliance on the representations, and the damages the Plaintiffs and the members of the Class sustained as a result of those representations.

27. The claims against the Debtor in the FAC arise from money obtained by false representations or actual fraud within the meaning of section 523(a)(2)(A) of the Bankruptcy Code. Accordingly, in the event that the Debtor is determined in the Class Action or any other proceeding to be liable on such claims, the Debtor's liability to the Plaintiffs and the members of the Class should be determined to be non-dischargeable under section 523(a)(2)(A) of the Bankruptcy Code.

## COUNT II: DECLARATORY JUDGMENT

**Nondischargeability, Pursuant to 11 U.S.C. §§523(a)(4)**

28. Plaintiff repeats and realleges each paragraph above as if fully set forth herein.

29. The claims described above and asserted in the FAC against the Debtor, which is incorporated herein by reference, for violations of ARS §§44-1991 and 44-1998, common law fraud, breach of fiduciary duty, civil conspiracy, negligent misrepresentation and unjust enrichment are not dischargeable because, at all relevant times, the Debtor served in a fiduciary capacity to the Plaintiffs and the members of the Class.

30. As alleged in the FAC, by soliciting the sale of unregistered securities to the Plaintiffs and the members of the Class, the Debtor served in a fiduciary capacity to the Plaintiffs and the members of the Class, committed fraud while acting in that fiduciary capacity, and the Plaintiffs and the members of the Class sustained monetary damages as a result of the fraud. In Arizona, the promoters of a corporation assume a fiduciary duty to stockholder investors. *Johnson v. Nychyk*, 517 P.2d 1079, 1081 (Ariz. Ct. App. 1974); *see also Facciola v. Greenberg*

*Traurig, LLP,* 781 F. Supp. 2d 913, 924 (D. Ariz. 2011), *aff'd,* 593 F. App'x 723 (9th Cir. 2015). The Order determined that the FAC asserted facts sufficient to establish the existence of a fiduciary duty.

31. The claims against the Debtor in the FAC are for fraud or defalcation while the Debtor was acting in a fiduciary capacity within the meaning of Section 523(a)(4) of the Bankruptcy Code. Accordingly, in the event that the Debtor is determined in the Class Action or any other proceeding to be liable on such claims, the Debtor's liability to the Plaintiffs and the members of the Class should be determined to be non-dischargeable under Section 523(a)(4) of the Bankruptcy Code.

## COUNT III: DECLARATORY JUDGMENT

### Nondischargeability, Pursuant to 11 U.S.C. §523(a)(6)

32. Plaintiff repeats and realleges each paragraph above as if fully set forth herein.

33. The claims described above and asserted in the FAC against the Debtor, which is incorporated herein by reference, for violations of ARS §§44-1991 and 44-1998, common law fraud, breach of fiduciary duty, civil conspiracy and unjust enrichment are not dischargeable because they arise from conduct that was (a) willful, because the Debtor intended to cause injury to the Plaintiffs and the members of the Class, (b) malicious, because it was wrongful, done intentionally, and necessarily caused injury and (c) in fact caused substantial injury to the Plaintiffs and the members of the Class.

34. The claims against the Debtor in the FAC are for willful and malicious actions within the meaning of Section 523(a)(6) of the Bankruptcy Code. Accordingly, in the event that the Debtor is determined in the Class Action or any other proceeding to be liable on such claims,

the Debtor's liability to the Plaintiffs and the members of the Class should be determined to be non-dischargeable under Section 523(a)(6) of the Bankruptcy Code.

## COUNT IV: DECLARATORY JUDGMENT

### Nondischargeability, Pursuant to 11 U.S.C. §523(a)(19)

35. Plaintiff repeats and realleges each paragraph above as if fully set forth herein.

36. The claims described above and asserted in the FAC against the Debtor, which is incorporated herein by reference, for violations of ARS §§44-1991 and 44-1998, common law fraud and civil conspiracy are not dischargeable because Section 523(a)(19) specifically exempts debt that "(A) is for (i) the violation of any of the Federal securities laws … any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and (B) results, before, on, or after the date on which the petition was filed, from (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding; (ii) any settlement agreement entered into by the debtor; or (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor."

37. Accordingly, in the event that the Debtor is determined in the Class Action or any other proceeding to be liable on such claims, the Debtor's liability to the Plaintiffs and the members of the Class should be determined to be non-dischargeable under Section 523(a)(19) of the Bankruptcy Code.

### RELIEF REQUESTED

WHEREFORE, the Plaintiffs respectfully requests judgment from the Court:

9

4081499.4

(a)     Declaring the liability of Debtor to the Plaintiffs and the members of the Class for violations of ARS §§44-1991 and 44-1998, common law fraud, breach of fiduciary duty, civil conspiracy, negligent misrepresentation and unjust enrichment, as determined in the Class Action or any other proceeding, are non-dischargeable under Section 523(a)(2) of the Bankruptcy Code;

(b)     Declaring the liability of Debtor to the Plaintiffs and the members of the Class for violations of ARS §§44-1991 and 44-1998, common law fraud, breach of fiduciary duty, civil conspiracy, negligent misrepresentation and unjust enrichment, as determined in the Class Action or any other proceeding, are non-dischargeable under Section 523(a)(4) of the Bankruptcy Code;

(c)     Declaring the liability of Debtor to the Plaintiffs and the members of the Class for violations of ARS §§44-1991 and 44-1998, common law fraud, breach of fiduciary duty, civil conspiracy and unjust enrichment, as determined in the Class Action or any other proceeding, are non-dischargeable under Section 523(a)(6) of the Bankruptcy Code;

(d)     Declaring the liability of Debtor to the Plaintiffs and the members of the Class for violations of ARS §§44-1991 and 44-1998, common law fraud and civil conspiracy, as determined in the Class Action or any other proceeding, are non-dischargeable under Section 523(a)(19) of the Bankruptcy Code; and

(e)     Granting such other and further relief as is just and proper.

Dated: July 20, 2022
      New Haven, Connecticut

                                                */s/ Thomas J. Sansone*
                                                Thomas J. Sansone
                                                Federal Bar No. ct00671
                                                Carmody Torrance Sandak & Hennessey LLP
                                                195 Church Street
                                                P.O. Box 1950
                                                New Haven, CT 06509-1950
                                                Telephone: (203) 777-5501
                                                Fax No. (203) 784-3199
                                                E-mail: tsansone@carmodylaw.com